```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
UNITED STATES OF AMERICA,               :
                                        :
            -v-                         :      11-cr-0065-01(JSR)
                                        :
GEORGE SALEMO,                          :      ORDER
                                        :
            Defendant.                  :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Familiarity with the background to this case is here assumed. As relevant here, on April 12, 2020, defendant George Salemo filed a pro se motion seeking compassionate release in light of the potential impact of the COVID-19 outbreak on some of his health conditions. See Letter, dated April 12, 2020, ECF No. 98. After reviewing the briefs submitted by both parties, the Court, on May 17, 2020, denied the motion. See ECF No. 103.

Earlier today, the Court received another pro se letter from Salemo, to be docketed, seeking reconsideration of the Court's denial of his motion for compassionate release. First, Salemo essentially argues that, in calculating whether he has served "75 percent of his [] term of imprisonment," U.S.S.G. § 1B1.13 Application Note (B), the Court should have taken into account the good time reduction that he has apparently earned,[1]

---

[1] Actually, however, in rendering its decision on May 17, 2020, the Court noted that, "[i]f one were to take into account the good time reduction that Salemo has apparently earned, he would effectively have served more than 75% of his actual prison

without pointing to any controlling decision that the Court overlooked. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[A motion for] reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Furthermore, Salemo reiterates the medical conditions that he laid out in his earlier briefs, which the Court fully and carefully considered in rendering its decision to deny his motion. The Court has considered Salemo's remaining arguments and conclude that they are without merit. Accordingly, defendant's instant motion for reconsideration is denied.

    SO ORDERED.

Dated:    New York, NY

           June 5, 2020

JED S. RAKOFF, U.S.D.J.

---

time." ECF No. 103, at 4 n.2. In part motivated by this consideration, the Court sua sponte recommended to the Bureau of Prison ("BOP") that it consider Salemo for release to home confinement under the broader discretion available to the BOP. See id. at 7.